149 So.2d 131 (1963)
Adron W. HALLMAN, Plaintiff-Appellee,
v.
MARQUETTE CASUALTY COMPANY, Defendant-Appellant.
No. 9852.
Court of Appeal of Louisiana, Second Circuit.
January 2, 1963.
*132 Wilkinson, Lewis, Madison & Woods, Shreveport, for appellant.
Bodenheimer, Looney & Richie, Shreveport, for appellee.
Before HARDY, AYRES, and BOLIN, JJ.
AYRES, Judge.
This is an appeal from a judgment condemning the liability insurer of an automobile to pay the amount of a default judgment rendered against a third person who was, with permission, driving a named assured's automobile, although the insurer had no knowledge of the suit against the third person until the judgment had become final and executory against her. Plaintiff's right to a judgment is predicated upon the provisions of the Direct Action Statute, LSA-R.S. 22:655.
The issues presented are most interesting and, so far as we have been able to determine, are res nova to the jurisprudence of this State. Under the decision appealed, the insurer must pay a default judgment rendered against its insured, or omnibus insured, without having been afforded an opportunity to defend the suit. The insurer's contention is that the failure to forward the process and the pleadings to the insurer relieved it from any liability to pay a judgment rendered as a result thereof.
Although no issue is presented as to the facts which are contained in the record in the form of a stipulation, a brief reference is deemed expedient to an understanding of the issues as they are resolved.
The defendant insurer issued, July 9, 1956, a standard form of a policy of automobile liability insurance to one A. C. Crouch. While this policy was in force, Crouch loaned the insured automobile to Mrs. Mary Collins, who, on April 20, 1957, was involved in a collision with plaintiff's automobile which allegedly sustained damages in the sum of $293.44. Mrs. Collins informed Crouch of the accident, which he reported to the local agent who had written the policy of insurance. The matter was referred to a claims service for investigation, upon the receipt of a report on which defendant instructed its adjuster to deny liability for any claim which might be asserted.
In October, 1957, plaintiff herein filed a suit against Mrs. Mary Collins, defendant's omnibus insured, to recover the aforesaid property damages allegedly arising out of the accident. Neither the insurer nor the named assured was made a party defendant to that suit; nor was the insurer ever notified of the suit or requested to defend it. In due course, a judgment was rendered on March 4, 1959, against Mary Collins in the aforesaid sum which has never been paid or satisfied. Thereafter, under date of May 13, 1959, plaintiff's attorneys wrote the local insurance agency that the aforesaid judgment had been obtained against Mary Collins; that it had just been learned that the Crouch automobile was insured by the defendant to whom plaintiff looked for the satisfaction of its judgment. This communication was the first notice which the insurer ever received regarding the institution of the action against Mary Collins. After its refusal to pay this judgment, because it had never been afforded an opportunity to defend the suit, and, in fact, because it did not even know of the action, this litigation followed.
The policy of insurance issued by defendant to its assured provides that the insurer will pay all sums which the insured shall become legally obligated to pay as damages arising out of the operation and use of the automobile insured. "Insured" is defined as the named insured or anyone using the automobile with his permission. Mary Collins was therefore an "insured" under the policy.
The Direct Action Statute, LSA-R.S. 22:655 provides that an injured person or his or her survivors or heirs shall have, at *133 their option, a right of direct action against the insurer "* * * within the terms and limits of the policy * * *." Nor shall said statute "* * * be construed to affect the provisions of the policy or contract if the same are not in violation of the laws of this state." And, it is the expressed intent of the statute "* * * that any action brought hereunder shall be subject to all of the lawful conditions of the policy or contract * * * provided the terms and conditions of such policy or contracts are not in violation of the laws of this state." (Emphasis supplied.)
Under Paragraph 2 of the Conditions specified in the policy, with reference to notice of claim or suit, it is recited that
"If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."
Under Paragraph 7 of the Conditions of the contract, relative to actions against the insurer, it is stipulated that
"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy * * *."
We find nothing in the provisions of the Direct Action Statute that could be construed to affect the provisions of the policy or a contract of insurance with reference to the requirement that all processes and pleadings in an action brought against the insured shall be immediately forwarded to the insurer. We have been referred to no authority that such a requirement is in violation of the laws or policy of this State.
The uniform rule of law in other jurisdictions is that a failure of an insured to forward process and pleadings to the insurer will relieve the insurer of any liability to pay a judgment rendered against the insured.
In Nevil v. Wahl, 228 Mo.App. 49, 65 S. W.2d 123, where the evidence discloses that the insured made no attempt to comply with a requirement of a policy provision that the assured should immediately forward to the insurer every summons or other process served on him, it was held that
"* * * Notice alone that the suit was pending was insufficient. Under the terms of the policy, the garnishee herein was entitled to have a copy of the summons and petition as served on defendant immediately forwarded to it, in order that the garnishee might appear in the case, file answer, and make such defense as they deemed proper in the name of the insured. It was the essence of the insurance contract, and for failure to comply therewith the garnishee had a right to deny liability under the policy. * * *" See, also: Royal Indemnity Co. v. Morris, 9th Cir., 1929, 37 F.2d 90; New Jersey Fidelity & Plate Glass Ins. Co. v. Love, 4th Cir., 1930, 43 F.2d 82.
A similar conclusion was reached by the Supreme Judicial Court of Massachusetts in Potter v. Great American Indemnity Co. of New York, 316 Mass. 155, 55 N.E.2d 198. In that case, the evidence is that the insured's attorney discussed the accident with an adjuster, but never forwarded the suit papers to the insurer. It was there held that the insured motorist's failure to immediately forward summonses served on the motorist to the insurer, as required under the terms of an automobile liability policy, was a breach of contract which relieved the insurer of liability, notwithstanding that the insurer had received notice of the accident under another condition of the policy.
In Aetna Life Ins. Co. v. Walley, 174 Miss. 365, 164 So. 16, the Supreme Court of Mississippi held that a physician who did not advise his malpractice insurance company of the pendency of a suit against him until the date of trial had breached the *134 provisions of his insurance contract requiring prompt notice of suit. In this regard, the court stated:
"The notice in the case at bar was not given in the form required by the policy, but that aside, and leaving it out of consideration, the notice was not given in time to enable the appellant to investigate the merits of Mrs. Wren's claim to determine whether or not it should be paid, and, if not, to prepare its defenses thereto. Had it participated in the trial of the case, it would have had to accept it as made by the insured, and this was exactly what the requirements of the policy were intended to prevent it from having to do."
In the case of New Jersey Fidelity & Plate Glass Ins. Co. v. Love, supra, the Circuit Court of Appeals for the Fourth Circuit held that the insurer was relieved from liability under its policy where it was not called upon to defend the suit against the insured until seven months after the suit was filed and after various preliminary motions had been filed and urged. In the course of its opinion, the court stated:
"The provisions of the policy are plain and unambiguous. The policy provides that `failure on the part of the assured to comply with any of said conditions shall forfeit the right to recover hereunder.' One of the conditions is that the assured shall immediately forward to the company at its office every summons or other process served upon her. It is obvious that this provision is of the essence of the contract in insurance of this kind and not merely a stipulation as to the form of bringing to the notice of the insurer the fact of loss as in policies of fire and life insurance. By the express terms of the policy, failure to comply with the condition forfeits the right to recovery. It is true that while the process is required to be `immediately' forwarded, nevertheless the word `immediately' is not given a rigid construction, but means that the process must be forwarded within a reasonable time under all the circumstances of the case. Fidelity & Deposit Co. [of Maryland] v. Courtney, 186 U.S. 342, 345, 22 S.Ct. 833, 46 L.Ed. 1193. But here there was a delay of more than seven months, and we think that such delay under the circumstances was entirely unreasonable. Inasmuch as the policy declared by its express terms that it should be forfeited if the process were not forwarded, it is clear that Mrs. Watt could not possibly recover under it."
It may be noted that, in both the Walley and Love cases, the insurer was notified of the suits before final judgments were taken, but, nevertheless, it was held that the notices thereof were given too late. In the instant case, the prejudice is even greater. The defendant was never notified until after the judgment was taken and had become final.
While, under the language of the insurance contract, full compliance with all the terms of the policy are conditions precedent to an action thereon, nevertheless the insurer was prejudiced by the failure to forward the process promptly, for, among other reasons, it was deprived of the right to cross-examine plaintiff's witnesses, or even to defend the action which it, of a certainty, had a right to do, an action which, in this instance, it had investigated and denied liability.
The rationale of the foregoing authorities uniformly support the position urged by the defendant. For instance, it is stated in 29A Am.Jur., p. 591, verbo Insurance, § 1482:
"While in some cases involving earlier types of policies the question arose whether the insured is under an obligation, under the `co-operation clause' of a liability policy, to forward suit papers to the insurer, liability policies now contain an express provision requiring the insured, *135 if a claim is made or suit is brought against him, immediately to forward to the company every demand, notice, summons, or other process received by him or his representative. It is well settled that such a provision is a reasonable, valid, and enforceable one and if the policy expressly makes the insured's failure to comply with the above provision a ground of forfeiture, or compliance a condition precedent to liability, the insured loses his right of action by his failure to forward the suit papers to the insurer. The purpose of such requirement is to enable the insurer to defend itself promptly concerning the accident, to investigate the circumstances, and prepare a timely defense, if necessary, on behalf of the insured."
A briefer statement of the principle is contained in 45 C.J.S., verbo Insurance § 1048, p. 1274:
"The insured must furnish information and forward process served on him where the policy so provides; and his failure so to do may bar not only his claim against the company, but also that of the injured person."
Under an insurance policy such as is herein concerned, an insured's obligation is twofold: (1) he must report the accident and (2) he must forward the suit papers to the insurer in order to have the protection of the insured's obligation. The rule is that, while an insurance company must usually establish prejudice in order to avail itself of the defense of the lack of notice, as respects the accident itself, it need not establish prejudice in order to avail itself of the defense of failure to forward the suit papers. Even so, it would be difficult to conceive of greater prejudice, and of a confiscatory result being reached, than a demand for payment of a default judgment of which a defendant is totally ignorant, and which, through the failure of the assured to comply with the terms of the contract and forward the process and pleadings to the insurer, it has been deprived of its right to defend the action.
Thus, under the general rule, an insurer need not show that its rights have been prejudiced by the insured's failure to comply with the policy requirement as to forwarding of suit papers in order to be relieved of liability under the policy. Ross v. Mayflower Drug Stores, 338 Pa. 211, 12 A. 2d 569; Unverzagt v. Prestera, 339 Pa. 141, 13 A.2d 46; New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56; Harmon v. Farm Bureau Mut. Automobile Ins. Co., 172 Va. 61, 200 S.E. 616; State Farm Mut. Automobile Ins. Co. v. Arghyris, 189 Va. 913, 55 S.E.2d 16; Preferred Acc. Ins. Co. of New York v. Castellano, 2d Cir., 1945, 148 F.2d 761.
The aforesaid general rule finds particular application in those cases in which the liability policy contains a provision making compliance with the requirements of forwarding suit papers expressly a condition precedent to any liability on the part of the insurer, or as a condition precedent to an action against the insurer. Standard Accident Ins. Co. v. Turgeon, 1st Cir., 1944, 140 F.2d 94; State Farm Mut. Auto. Ins. Co. v. Cassinelli, 67 Nev. 227, 216 P.2d 606, 18 A.L.R.2d 431; Harmon v. Farm Bureau Mut. Automobile Ins. Co., supra. See, also: 18 A.L.R.2d 480.
The rights and obligations of the parties herein concerned are predicated upon certain terms and conditions of a contract. The courts may not make a contract for the parties. Their functions and duty consist simply in interpreting and enforcing the agreement as actually made. It is self-evident that a failure to restrict the rights of an injured person to the terms and conditions of the insurance contract would expose the insurer to liability far and beyond the scope of the contract.
One of the terms of the contract herein concerned is that, as a condition precedent to an action against the insurer, the *136 insured shall have fully complied with all of the terms of the policy, one of which is that he shall immediately forward to the company every demand, notice, summons, or other process received by him or his representative. To allow recovery in the absence of compliance with these provisions of the contract would be unreasonable and inequitable, and would establish a dangerous precedent, inviting obvious instances of abuse. Thus, we conclude that the defendant, not having been furnished with the citation or pleadings served upon the assured, is under no obligation to pay a judgment rendered against her.
Accordingly, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and Decreed that plaintiff's demands be, and the same are hereby, rejected at his cost.
Reversed.