398 So.2d 169 (1981)
Ruth CHENNAULT, Plaintiff-Appellant,
v.
Isaac DUPREE et al., Defendants-Appellees.
No. 8164.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1981.
Chris J. Roy, Alexandria, for plaintiff-appellant.
Whitehead & McCoy, Kenneth D. McCoy, Brittain & Williams, Jack O. Brittain, Watson, Murchison, Crews, Arthur & Corkern, R. Raymond Arthur and William P. Crews, Jr., Natchitoches, for defendants-appellees.
Before DOMENGEAUX, CUTRER and DOUCET, JJ.
CUTRER, Judge.
Plaintiff, Ruth Chennault, filed suit for damages she incurred as a result of an automobile accident which occurred on August 23, 1973. Plaintiff was a passenger in the car operated by Nolan Conde. The Conde vehicle was involved in an accident with a pickup truck driven by Gary Dupree. The plaintiff filed suit on August 22, 1974, naming as defendants Nolan Conde; Gary Dupree; his father, Isaac Dupree; Louisiana Farm Bureau Mutual Insurance Company;[1] ABC Insurance Company and XYZ Insurance Company.
On November 2, 1978, by supplemental and amended petition, plaintiff named Employers Commercial Union Insurance Company[2] as defendant, asserting that this insurer had issued a liability policy covering the Conde vehicle, which policy was in effect at the time of the accident on August 23, 1973.
On January 30, 1980, American Employers filed a pleading entitled "Exceptions and Petition for Declaratory Judgment" contending that plaintiff's suit should be dismissed since Nolan Conde violated the requirements of the policy by failing to give American Employers timely notice of the accident as required by the policy. American Employers contends it did not have notice until the amended petition was filed on November 2, 1978, five years after the accident.
From a declaratory judgment dismissing plaintiff's suit against American Employers, plaintiff appeals. We reverse.
The issue presented on appeal is whether the alleged violations of the policy requirements *170 by the insured Nolan Conde would deprive plaintiff of her cause of action against Conde's insurer, American Employers.
Plaintiff brought suit against American Employers under the direct action statute, LSA-R.S. 22:655 (formerly Act 55 of 1930). The fact, that Nolan Conde did not give timely notice of the accident to American Employers, as required by the policy, does not deprive the victim, plaintiff, of her direct action against American Employers for damages she incurred through the negligence of American Employers' insured, Nolan Conde. This principle is well settled in our jurisprudence. The effect of the direct action statute was set forth in the case of West v. Monroe Bakery, 217 La. 189, 46 So.2d 122 (1950). The Supreme Court held as follows:

"If there should be any doubt as to the effect of Act 55 of 1930, it should for all times be put at rest by the opinion written by Mr. Justice Rogers in the case of Davies v. Consolidated Underwriters, 1942, 199 La. 459, 6 So.2d 351, which was not concerned with delayed notice of an accidental occurrence, but where the Court set out the general objects, purposes and effect of Act 55 of 1930 as to third persons, not parties to the policy contract, 199 La. 459, 476, 6 So.2d 351, 357:`That statute (Act No. 55 of 1930) gives the injured party an immediate right of direct action against the insurer of the party responsible for the injuries. The statute expresses the public policy of this State that an insurance policy against liability is not issued primarily for the protection of the insured but for the protection of the public. Frequently the insured is financially irresponsible and the only recourse of a person injured by the negligence of the insured is against his insurance carrier. But rarely has the injured party knowledge as to who may be the insurer of the party responsible for his injuries. It is therefore not within his power to give a notice as required by the policy and the enforcement of a policy provision requiring notice to be given by the insured automatically and without any action on his part deprives him of the right of action granted by law. It is not desirable that he should be divested of such action, and that result should not obtain except in a very clear case. This is not such a case. By maintaining plaintiffs' action, the defendant company is not deprived of any substantial right. Its liability remains contingent and is dependent upon proof of the negligence of Stahl, the driver of the automobile.'" (Emphasis by the writer.)

The above jurisprudential policy was legislatively adopted by an amendment to the direct action statute, which amendment added a paragraph to LSA-R.S. 22:655 which reads as follows:
"It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons, his or her survivors or heirs, to whom the insured is liable; and that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tort-feasor within the terms and limits of said policy."
For a recent discussion of the policy of the direct action statute, see Holtzclaw v. Falco, Inc., 355 So.2d 1279 (La.1978).
Applying these principles to the circumstances of the case at hand, any violation of American Employers' policy by its insured, Nolan Conde, wherein Conde failed to give timely notice of the accident, cannot be raised as a defense to plaintiff's right to proceed against American Employers under the direct action statute. For these reasons, the trial court judgment must be reversed.
Accordingly, for the reasons assigned, the declaratory judgment dismissing plaintiff's suit is reversed and the case is remanded to the district court for further proceedings not inconsistent herewith. The costs of this appeal are taxed against American Employers *171 Insurance Company. All other costs are to be determined upon final disposition of the case.
REVERSED AND REMANDED.
NOTES
[1] Louisiana Farm Bureau's petition for declaratory judgment was later granted and this insurer was dismissed from the suit. This dismissal is not at issue on this appeal.
[2] The amended petition named "Employers Commercial Union Insurance Company" as a defendant. This was apparently error as American Employers Insurance Company filed the responding pleadings. There is no issue made on appeal as to this discrepancy.