893 F.2d 794
 Albert JACKSON, Plaintiff,
v.
TRANSPORTATION LEASING COMPANY, formerly known as Greyhound
Lines, Inc., Defendants-Appellants.
NATIONAL RAILROAD PASSENGER CORP., a/k/a Amtrak and C.A.
Klock, etc., et al., Defendants-Third Party
Plaintiffs-Appellants,
v.
BITUMINOUS CASUALTY CORP., Third Party Defendant-Appellee.
 No. 88-3931.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 8, 1990.
 
 H. Martin Hunley, Jr., L. Eades Hoque, Lemle, Kelleher, Kohlmeyer, New Orleans, La., for National R.R.
 Thomas P. Anzelmo, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for Transp. Leasing Co.
 Joseph P. Henican, III, Marshall Weaver, Henican, James & Cleveland, Metairie, La., for Bituminous Cas.
 Appeals from the United States District Court For the Eastern District of Louisiana.
 Before THORNBERRY, GARWOOD, and DUHE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Albert Jackson sued Greyhound Lines, Inc., National Railroad Passenger Corporation (Amtrak), C.A. Klock, individually and as an agent and employee of Amtrak, and others. Jackson's complaint arose out of an incident at the New Orleans Union Passenger Terminal (NOUPT). The jury rendered a verdict of $100,000 in compensatory damages against Greyhound based on negligence and civil rights violations and $100,000 in punitive damages against undesignated defendants. The trial court entered a judgment of $100,000 in compensatory damages against Greyhound, dismissed Jackson's claims against the other defendants, and ordered a new trial on the issue of punitive damages as to Greyhound, Amtrak and Klock.
 
 
 2
 After judgment was rendered in the first trial, Greyhound, Amtrak and Klock filed a third-party complaint against Bituminous Casualty Corporation (Bituminous). The defendants alleged that they were insureds under an insurance policy Bituminous had issued to NOUPT and thus that Bituminous had a duty to defend and indemnify. The trial court severed the claims against Bituminous from the new trial on punitive damages. Bituminous did not defend the action.
 
 
 3
 In the severed action Bituminous denied coverage and, in the alternative, alleged that it was prejudiced by late notification of the claim. The trial court granted Bituminous' motion for summary judgment, finding that the defendants were not named insureds under the policy. The court further found that, even assuming the defendants were named insureds, Bituminous was prejudiced because it did not receive timely notice of the claim as required by the policy.
 
 
 4
 Greyhound, Amtrak and Klock appeal, contending that they were insureds under the policy and that Bituminous was not prejudiced by notice received after suit on the main demand. Bituminous denies that the defendants were named insureds and contends that it need not show prejudice resulting from the late notice because, as a matter of law, there is no coverage where the insureds violate the notice provision of the policy.
 
 
 5
 MGIC Indemnity Corporation v. Central Bank of Monroe, La., 838 F.2d 1382 (5th Cir.1988), held that, under Louisiana law, the insurer need not show prejudice where an insurance policy makes timely notice an express condition precedent to coverage. The court based its decision on a line of cases following Hallman v. Marquette Company, 149 So.2d 131 (La.App. 2d Cir.1963). In the most recent Louisiana case on the timely notice issue, Pomares v. Kansas City Southern Railway Co., 474 So.2d 976 (La.App. 5th Cir.), writ denied, 477 So.2d 1131 (La.App. 5th Cir.1985), the court held that the insurer must show prejudice even though notice was given after the underlying judgment became executory.
 
 
 6
 In Auster Oil & Gas, Inc. v. Stream, 891 F.2d 570 (5th Cir.1989), a panel of this court through Judge Williams clarified the ostensible conflict in Louisiana law regarding the effect on coverage of late notice. There the court held that, in a suit by the insured, where the insured breached the terms of the insurance contract by giving untimely notice, the insurer is not required to show prejudice in order to avoid liability to the insured. MGIC, supra; Hallman, supra. However, where through the Louisiana Direct Action statute, La.Rev.Stat.Ann. 22:655, an injured third party directly sues the insurer, the third party does not lose his cause of action due to the insured's breach of the notice provisions of the policy. The insurer can defend successfully against the third party only if it can demonstrate prejudice from the insured's failure to comply with the policy's notice provisions. Auster Oil, 891 F.2d at 576; see Pomares, supra; West v. Monroe Bakery, 217 La. 189, 46 So.2d 122 (1950).
 
 
 7
 Greyhound, Amtrak, and Klock are claiming as insureds under the Bituminous policy. For the reasons set forth in Auster Oil, the notice here was untimely and Bituminous need not show prejudice. The district court's judgment granting Bituminous's motion for summary judgment is therefore
 
 
 8
 AFFIRMED.