560 So.2d 848 (1990)
John LODRIGUE, Individually and as Administrator of the Estate of his Minor Son, Sean Lodrigue, Plaintiff-Appellant,
v.
CUMIS INSURANCE SOCIETY, INC., Defendant-Appellee.
No. 88-1216.
Court of Appeal of Louisiana, Third Circuit.
March 14, 1990.
Rehearing Denied April 23, 1990.
Writ Granted June 29, 1990.
Charles W. Seaman, Natchitoches, for plaintiff-appellant.
Stafford, Stewart & Potter, Andrew P. Texada, Alexandria, for defendant-appellee.
Before FORET, STOKER and KING, JJ.
STOKER, Judge.
Plaintiff has appealed the trial court's granting of defendant's motion for summary *849 judgment. The issue before us is whether the trial court was correct in resolving that there was no coverage available under the policy of insurance issued by defendant, Cumis Insurance Society, Inc. (Cumis), to its insured, Kenneth D. Ward (Ward). We affirm.

FACTS
Ward and plaintiff's wife and minor son were involved in an automobile collision on August 5, 1986 in Natchitoches, Louisiana. On September 30, 1986 plaintiff's agent, Traber Agency, sent a loss notice for property damage to the defendant. The defendant issued a draft in the amount of $232.24 payable to plaintiff on November 5, 1986 for the property damage claim. On April 22, 1987 plaintiff filed suit in the City Court of Natchitoches, Louisiana for medical and personal injury damages sustained by his minor son, Sean, as a result of the accident. Plaintiff sued Ward only and did not name Cumis as a defendant. A default judgment was entered on September 22, 1987 in favor of plaintiff and against Ward in the amount of $7,647.50. Thereafter, on or about October 14, 1987, plaintiff's attorney made demand on Cumis for payment of the judgment.
This suit against Cumis was filed on December 30, 1987 seeking damages for plaintiff's minor son in the amount of $30,000 arising out of the same accident. The action is not one seeking to make the Natchitoches City Court judgment executory against Cumis. Rather, it is a separate action against Cumis based on the negligence of the insured, Kenneth D. Ward, seeking additional amounts in damages. Plaintiff's suit would therefore require that the issues of liability and quantum be tried all over again. In response, the defendant filed exceptions of prescription and res judicata which were denied by the trial court and affirmed by this court upon application for writ of review.[1] Defendant then filed its motion for summary judgment which was granted by the trial court.

SUMMARY JUDGMENT
The basis for defendant's motion for summary judgment was that no coverage existed for the plaintiff's claims as a result of Ward's failure to notify defendant of any legal proceeding brought against him. The policy issued to Ward specifically provides that:
"A person seeking coverage must:

* * * * * *
"2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss."
It also provides, as a condition precedent, that no legal action may be brought against Cumis until there has been full compliance with all of the terms of the policy issued to Ward.
The record establishes that plaintiff was issued a check for $232.24 in November of 1986 by the defendant. Plaintiff filed suit against Ward, only, in April of 1987. Ward neither contacted defendant nor forwarded copies of the suit papers to defendant. Default judgment was subsequently entered in September of 1987.
Plaintiff provided the affidavit of Ward's mother who averred that she notified defendant of the accident and pending lawsuit. She does not specify when or in what manner she notified defendant of the legal proceedings. The affidavit of Ward's mother sets forth mere conclusions or general statements of the affiant. She does not set forth specific facts to back up her conclusions such as where, how and to whom she gave notice. Ward in deposition testified that he did not discuss the suit with his mother. Defendant provided the affidavit of its litigation specialist, Jan Levens, who handled the plaintiff's claim. Ms. Levens averred that defendant never received notice of the suit for personal *850 injuries filed by plaintiff until after the default judgment had been rendered.
The trial court stated in its written reasons for ruling on the motion for summary judgment that:
"This Court is convinced that Cumis did not receive the proper notice from its insured; that under the terms and conditions of the policy, Kenneth D. Ward had a duty to notify Cumis of any legal proceedings; that Kenneth D. Ward failed to do this, in violation of the terms and conditions of the automobile liability policy. The Court further rules that there are no genuine issues of material fact in this regard and that Kenneth D. Ward's failure to abide by the terms and conditions of the policy relieves Cumis Insurance Society, Inc. of all further duties and liability under the policy, including the claims of the plaintiff in this matter."
Plaintiff argues on appeal that defendant did have notice by virtue of the notice it received in October of 1986 of the claim for property damages arising from the accident and that the affidavit of Ward's mother creates a genuine issue of material fact. Additionally, plaintiff argues that defendant has shown no prejudice resulting from any failure of its insured to provide notice of the lawsuit, especially, plaintiff maintains, since this proceeding is an entirely new action and not one to execute on the city court judgment. Therefore, all defenses which would have been available to defendant are still available.
A summary judgment is appropriate if, after consideration of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, it is shown that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. We find that the trial court was correct in determining that there was no genuine issue of material fact concerning lack of notice, however this lack of notice does not necessarily deprive a plaintiff of its action against an insurer as a matter of law.
This court in Miller v. Marcantel, 221 So.2d 557, 559 (La.App. 3d Cir. 1969) stated, as follows, that:
"The function of the notice requirements is simply to prevent the insurer from being prejudiced, not to provide a technical escape-hatch by which to deny coverage in the absence of prejudice nor to evade the fundamental protective purpose of the insurance contract to assure the insured and the general public that liability claims will be paid up to the policy limits for which premiums were collected. Therefore, unless the insurer is actually prejudiced by the insured's failure to give notice immediately, the insurer cannot defeat its liability under the policy because of the non-prejudicial failure of its insured to give immediate notice of an accident or claim as stipulated by a policy provision."
The general rule is that an insurer may not raise the nonprejudicial failure of its insured to give notice of accident or suit as a valid defense to claims of injured third parties. LSA-R.S. 22:655; Chennault v. Dupree, 398 So.2d 169 (La.App. 3d Cir. 1981); Miller v. Marcantel, supra. However, in a case almost identical in its facts to the instant case, a panel of the Second Circuit Court of Appeal held that a showing of prejudice by the insured was not required in a failure to forward suit papers where a default judgment is taken against the insured before the insurer receives notice. Hallman v. Marquette Casualty Company, 149 So.2d 131 (La.App. 2d Cir. 1963). The court in Hallman at 135 stated that:
"The rule is that, while an insurance company must usually establish prejudice in order to avail itself of the defense of the lack of notice, as respects the accident itself, it need not establish prejudice in order to avail itself of the defense of failure to forward the suit papers. Even so, it would be difficult to conceive of greater prejudice, and of a confiscatory result being reached, than a demand for payment of a default judgment of which a defendant is totally ignorant, and which, through the failure of the assured to comply with the terms of *851 the contract and forward the process and pleadings to the insurer, it has been deprived of its right to defend the action."
The court went on to state a general rule that an insurer need not show that its rights have been prejudiced by the insured's failure to forward suit papers, as required by the policy, in order to be relieved of liability. This rule, the court stated, has particular application in cases in which the "policy contains a provision making compliance with the requirements of forwarding suit papers expressly a condition precedent to any liability on the part of the insurer, or as a condition precedent to an action against the insurer." Id. at 135. See, MGIC Indemnity Corp. v. Central Bank of Monroe, La., 838 F.2d 1382 (5th Cir.1988).
In this case, the defendant alleged that Ward's failure to provide notice of the suit deprived it of the opportunity to investigate the accident, verify the plaintiff's damages, provide a defense to Ward and contest the civil court proceedings. As a result, defendant alleges, it was prejudiced and should be relieved of all obligations and duties owed to plaintiff under the contract of insurance.
Because we find the trial court was correct in determining that as a matter of fact no notice was given to defendant until after the default judgment was entered, we are compelled to find that such failure to act resulted in prejudice to the defendant in this case as a matter of law. Because Ward failed to comply with the clear provisions of the policy and because such compliance is a condition precedent to any recovery under the policy, as a matter of law no coverage would exist for the damages sought by plaintiff against defendant, and defendant is entitled to a summary judgment.
It is necessary, however, that we address another argument made by plaintiff in this case. Plaintiff argues that Cumis received notice of the accident when plaintiff's property damage claim submitted by plaintiff was paid. In the Hallman case discussed above the local agent for the insureds was advised of the accident. The defendant insurer had the accident investigated and, based upon the report of investigation, denied liability for any claim that might arise. After this, plaintiff brought suit against the omnibus insured of the defendant insurer for plaintiff's property damages. Judgment was rendered in favor of the plaintiff and against the omnibus insured. The insurer was not made a party to the suit. Plaintiff made demand on the insurer for satisfaction of the judgment which was the first notice that the insurer had of the filing of suit.
The court in Hallman found that under the insurance policy involved an insured's obligation is twofold: (1) he must report the accident and (2) he must forward the suit papers to the insurer in order to have the protection of the insured's obligation. Hallman, supra, at page 135. Following this pronouncement the court made the statement quoted above. The two obligations are separate and distinct obligations.
We agree with the reasoning of the Hallman case. It would hardly be reasonable to require insurers to follow every case in which they are notified of an accident which occurred and to discover for themselves whether suits against their insureds are filed. This is particularly true where a plaintiff may have several choices of venue in which to bring the suit. For these reasons we find that notice to Cumis of the property damage and payment of the claim does not constitute notice of the filing of suit. See also the discussion of Hallman v. Marquette in W. McKenzie & H. Johnson, Insurance Law and Practice § 26, at 55-56, 15 Civil Law Treatise (1986).
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED.
NOTES
[1] The author of this opinion was a member of the panel which denied the writ. This author dissented as to the res judicata issue. An exception of res judicata may not be the appropriate procedural vehicle to dispose of the issue. In any event, the issue comes before us now on a motion for summary judgment granted by the trial court. In connection with these matters see W. McKenzie & H. Johnson, Insurance Law and Practice § 32, 15 Civil Law Treatise (1986).