805 So.2d 320 (2001)
Valerie C. HAYNES and Trudy Cooper
v.
NEW ORLEANS ARCHDIOCESAN CEMETERIES, et al.
Valerie C. Haynes
v.
Allstate Insurance Company.
Nos. 2001-CA-0261, 2001-CA-0262.
Court of Appeal of Louisiana, Fourth Circuit.
December 19, 2001.
Rehearing Denied January 30, 2002.
*321 Brian Cadwallader, The Cadwallader Firm, New Orleans, LA, Counsel for Plaintiff/Appellant.
Steven M. Lozes, Lozes & Cambre, New Orleans, LA, Counsel for Defendant/Appellee.
Court Composed of Judge CHARLES R. JONES, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR.
Judge MAX N. TOBIAS, JR.
Plaintiff, Valerie Haynes ("Haynes"), appeals from a trial court judgment dismissing her direct action suit against defendant, Allstate Insurance Company ("Allstate"). We affirm.
On 1 November 1994, Haynes allegedly tripped on an elevated concrete slab (apron) beneath a raised tomb in St. Roch Cemetery No. 2. The tomb allegedly belonged to John Lagattuta and Catherine Scandurro Lagattuta. Haynes sued the *322 New Orleans Archdiocesan Cemeteries and John and Catherine Lagattuta, alleging strict liability and negligence.[1] In the first amended petition filed on 19 August 1996, Haynes named multiple additional defendants, including Sheila St. Amant Kolwe ("Kolwe"), Deborah Younce ("Younce"), and Dennis J. St. Amant, III ("St. Amant"), the alleged owners of the tomb by virtue of a judgment of possession rendered on 8 October 1986 in the Succession of Catherine Scandurro Lagattuta. Although Allstate insured Younce at the time of the alleged accident, Haynes never named Allstate as a defendant in the action. Younce was served with the suit on 29 August 1996, but never notified Allstate. St. Amant, also an Allstate insured, notified the company of the claim against him and it agreed to provide him with a defense.
Kolwe and Younce failed to file an answer and a default was entered on 3 June 1997. The default was confirmed by a judgment rendered on 17 June 1997. Because Younce did not appeal from the judgment, it became final as to her on 24 November 1997. Kolwe, however, timely appealed. This Court in Haynes v. New Orleans Archdiocesan Cemeteries, 98-0439 (La.App. 4 Cir. 8/5/98), 716 So.2d 499, vacated the 17 June 1997 judgment, finding the evidence was insufficient to support the confirmation of the default.
After receiving a subpoena on a judgment debtor rule, Younce notified Allstate on 1 December 1997 of the lawsuit and the default judgment rendered against her. On 12 June 1998, Haynes filed a direct action suit against Allstate, seeking to enforce the 17 June 1997 judgment against Allstate as the insurer of Younce.
At trial, Haynes argued that Allstate had notice of the suit because it defended and later settled the claim on behalf of St. Amant.[2] She argued that because Allstate received notice of the suit against St. Amant it had a duty to ascertain whether it insured any of the other named defendants.
In dismissing Haynes' suit against Allstate, the trial court found that although Allstate had notice that St. Amant, its insured, was a defendant, it had no duty to investigate whether it insured any of the other named defendants. It concluded that Younce was obligated to notify Allstate that a suit was filed against her, but only did so after the default judgment had been rendered and became final. Thus, the trial court concluded Allstate was unable to defend itself and was prejudiced by Younce's failure to give timely notice.
On appeal, Haynes argues that pursuant to the Direct Action Statute, La. R.S. 22:655[3], she has a cause of action against *323 Allstate regardless of any lack of notice. We disagree.
The Direct Action Statute makes an insurer solidarily liable with the insured to the claimant. La. R.S. 22:655. The Direct Action Statute vests the injured third party with rights at the time of the tort to institute an action directly against the insurer within the terms and limits of the policy. West v. Monroe Bakery, 217 La. 189, 46 So.2d 122 (1950); Williams v. Lemaire, 94-1465 (La.App. 4 Cir. 5/16/95), 655 So.2d 765. As a general rule, an insurer may not raise the failure of its insured to give notice of the accident or suit as a valid defense to claims of an injured third party. Id. However, the injured party's right to recover may be defeated if the insurer can demonstrate prejudice from the insured's failure to comply with the policy's notice provisions. Elrod v. P.J. St. Pierre Marine, Inc., 95-295 (La.App. 5 Cir. 10/31/95), 663 So.2d 859; Pomares v. Kansas City Southern Ry. Co., 474 So.2d 976 (La.App. 5 Cir.1985).
In West v. Monroe Bakery, supra, the case on which Haynes relies, the plaintiffs' daughter was killed by a truck owned by Monroe Bakery. The Second Circuit reversed a judgment for the plaintiffs against the bakery and its insurer in solido, and entered judgment in favor of the bakery's insurer. The Supreme Court reversed, holding that the insurer could not escape liability because the insured had failed to give notice to the insurer as required by the policy. In doing so, the court found that the Direct Action Statute gives the injured party an immediate right of action directly against the insurer of the party responsible for the injuries. The court, however, did not directly address the question of whether an insurer can avoid liability by proving it was prejudiced by the lack of notice. But the decision implies that such is the case. The court stated that the injured third party should not be divested of his direct action "except in a very clear case." Id., 46 So.2d at 130.
In Hallman v. Marquette Casualty Co., 149 So.2d 131 (La.App. 2 Cir.1963), a case very similar to the instant matter, the Second Circuit Court of Appeal reversed a judgment against a liability insurer which had been condemned to pay the amount of a default judgment rendered against the insured where the insurer had no knowledge of the suit against the insured until the judgment had become final and executory. The court expressly noted that, where demand was made on the insurer to pay a default judgment rendered against the insured, the insurer was prejudiced because it had been deprived of its right to *324 defend the action by the insured's failure to forward process.
In Elrod v. P.J. St. Pierre Marine, Inc., supra, the plaintiff filed suit against the defendant, P.J. St. Pierre Marine, Inc. Personal service was made on the defendant's registered agent, but notice of the suit was never forwarded to its insurer, OMI. The plaintiff obtained a default judgment against the defendant, and notice of the suit was not given to OMI until seven months after the default judgment had been rendered. The plaintiff filed a petition against OMI to make the judgment executory. The trial court dismissed the petition with prejudice. In affirming the trial court, the Fifth Circuit found that the insurer met its burden of proving sufficient prejudice to defeat the plaintiff's claim because the plaintiff was seeking payment of a default judgment entered against the insured who failed to notify its insurer that it had been sued, and the insurer had no opportunity to appear and defend the suit.
The Allstate policy issued to Younce specifically provides that in the event of bodily injury or property damage the insured is required to promptly notify Allstate or its agent of any claims and to forward any legal documents relating to the claim to Allstate. The record indicates that Younce did not notify Allstate of the suit and the 23 June 1997 default judgment rendered against her until 1 December 1997, well after the delays for taking an appeal had expired and the judgment became final. Clearly, Younce's delay in notifying Allstate of the suit and default judgment against her prevented Allstate from defending the suit and/or filing an appeal. Thus, Allstate satisfied its burden of proving prejudice from Younce's failure to comply with the notice provisions of the insurance policy.
Furthermore, we find no merit to Haynes' argument that Allstate, once notified of the suit by St. Amant, had a duty to ascertain whether any of the other named defendants were also Allstate insureds.
In Lodrigue v. Cumis Ins. Soc., Inc., 560 So.2d 848 (La.App. 3 Cir.1990), the plaintiff notified the defendant insurer that his wife and minor son had been involved in an accident with one of its insureds and the defendant paid his property damage claim. Several months later, the plaintiff filed a personal injury suit on behalf of his son in Natchitoches City Court against the insured, but did not name the insurer as a defendant. After a default judgment was rendered against the insured, the plaintiff made demand on the defendant's insurer for satisfaction of the judgment. Shortly thereafter, the plaintiff filed a direct action suit in district court against the defendant insurer seeking additional damages for his son's injuries arising out of the same accident. The defendant insurer filed exceptions of res judicata and prescription, which the trial court denied. The trial court, however, granted a summary judgment in favor of the defendant after the insurer offered proof that its insured had not complied with the notice provisions of the insurance policy and it had never received notice of the plaintiff's suit against its insured. On appeal, the Third Circuit found no merit to the plaintiff's argument that the defendant insurer received notice when it paid the property damage claim submitted by him, stating, "[i]t would hardly be reasonable to require insurers to follow every case in which they are notified of an accident which occurred and to discover for themselves whether suits against their insureds are filed." Id., 560 So.2d at 851.
Likewise, we find that an insurer who has been notified by its insured that a suit has been filed against him has no duty *325 to investigate to determine whether any of the other named defendants are also its insureds.
Accordingly, for the aforementioned reasons, we affirm the judgment of the trial court dismissing Haynes' suit against Allstate Insurance Company.
AFFIRMED.
NOTES
[1] Haynes' daughter, Trudy Cooper, also was named as a plaintiff in the petition. The record reflects that Cooper's cause of action was dismissed prior to the confirmation of the default judgment.
[2] The record indicates that, pursuant to a settlement agreement, St. Amant was dismissed from the suit on 9 October 1997.
[3] La. R.S.22:655 provides, in relevant part:

B. (1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only. However, such action may be brought against the insurer alone only when:
(a) The insured has been adjudged a bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of competent jurisdiction;
(b) The insured is insolvent;
(c) Service of citation or other process cannot be made on the insured;
(d) When the cause of action is for damages as a result of an offense or quasioffense between children and their parents or between married persons;
(e) When the insurer is an uninsured motorist carrier; or
(f) The insured is deceased.
(2) This right of direct action shall exist whether or not the policy of insurance sued upon was written or delivered in the state of Louisiana and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the state of Louisiana. Nothing contained in this Section shall be construed to affect the provisions of the policy or contract if such provisions are not in violation of the laws of this state.
C. It is the intent of this Section that any action brought under the provisions of this Section shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contract are not in violation of the laws of this state.