943 So.2d 242 (2006)
Barbra SHEIKH n/k/a Barbra Kramn, Appellant,
v.
COREGIS INSURANCE COMPANY, Appellee.
No. 3D06-768.
District Court of Appeal of Florida, Third District.
November 8, 2006.
Rehearing Denied December 14, 2006.
Miller Webner and Dale F. Webner, for appellant.
Demahy, Labrador, Drake, Payne & Cabeza and Pete L. Demahy, and Kenneth R. Drake, Miami, for appellee.
Before WELLS, CORTIÑAS, and LAGOA, JJ.
CORTIÑAS, Judge.
Appellant, Barbara Sheikh ("Sheikh"), appeals from an order granting Coregis Insurance Company's ("Coregis") motion for summary judgment. We reverse.
Sheikh retained Gregory Gamble ("Gamble"), a Louisiana attorney, to file suit in federal court in Miami, Florida, for an action based on the death of her husband on the high seas. In 1998, Sheikh's case was dismissed with prejudice due to Gamble's failure to appear at a calendar call and to respond to the court's order to show cause why the case should not be dismissed. Suffering from a drug addiction, Gamble ignored his legal practice and was either in jail or rehabilitation programs from 1998 to 2000.
In March 1999, Sheikh filed a legal malpractice action against Gamble and his law *243 firm in Miami-Dade Circuit Court. Gamble did not respond to the summons and complaint. As a result, in September 2003, the circuit court entered a default judgment in Sheikh's favor in the amount of $2,173,623. The judgment remains unsatisfied.
Gamble and his law firm were insured under a malpractice insurance policy issued to them in Louisiana by the appellee, Coregis. The insurance policy provided coverage for $1,000,000 from October 1997 to October 1998. However, in January 1998, the policy had been purportedly, but defectively, cancelled by Coregis.[1] Therefore, for purposes of this motion, Coregis stipulated that the policy should be deemed "effective" at the time of the malpractice incident.
In his deposition, Gamble admitted that he did not provide Coregis with notice of the lawsuit or the default judgment. Gamble also testified that he failed to provide Coregis with notice because he "assumed" that his policy had been cancelled, since he did not pay the premiums for some time. Gamble stated that, because of his drug addiction, he could not recall whether he received a "notice of cancellation" from Coregis in 1998.
In August 1999, five months after Sheikh filed suit, Sheikh's counsel sent Gamble's former secretary, Carole Nungesser ("Nungesser"), a letter seeking information regarding the existence, if any, of malpractice insurance. Nungesser, in her affidavit, admitted that she contacted Sheikh's counsel and advised him that whatever malpractice insurance existed was cancelled in June 1998. Notably, Nungesser stated in her affidavit that she believed the policy had been cancelled because an employee from Gilsbar, Inc. ("Gilsbar"), the local insurance agent that issued the malpractice insurance policy to Gamble, advised her that the policy had been cancelled.
After receiving this information, Sheikh's counsel submitted a letter to Gilsbar seeking information concerning the existence of any potential malpractice insurance coverage for Gamble. Gilsbar responded by stating that it was their policy not to divulge the requested information. Moreover, Gilsbar did not inform Sheikh's counsel that it was the agent for Coregis that was involved in the issuance of the policy. After refusing to disclose the existence of malpractice coverage, Gilsbar issued a letter to Coregis reporting the potential claim. Coregis did not respond to Gilsbar's notice of a potential claim nor contact Gamble's firm.
In September 2004, Sheikh filed an action against Coregis to enforce the default judgment. In response, Coregis filed a motion for summary judgment, which was granted by the trial court. The trial court stated in its order granting summary judgment, that it was uncontested that Coregis did not receive notice of a claim prior to the filing of this action. The court found that the insurance agent from Gilsbar advised Sheikh's counsel that Coregis was the insurance carrier for Gamble, and that Sheikh chose not to notify Coregis regarding the claim. Additionally, the trial court found Coregis was relieved of any further liability under the policy because it was undisputed that Gamble did not rely on the purported cancellation of the policy in failing to forward notice of the suit to Coregis. Sheikh's appeal follows.
We review orders granting summary judgment de novo. Sierra v. Shevin, 767 *244 So.2d 524, 525 (Fla. 3d DCA 2000). Summary judgment is appropriate only if, after consideration of the pleadings, depositions, answers, and affidavits, it is shown that there is no genuine issue of material fact. Id. Furthermore, in ruling on a motion for summary judgment, the court may not adjudge the credibility of the witnesses or weigh the evidence. Id. at 525 (citing Hernandez v. United Auto. Ins. Co., 730 So.2d 344, 345-46 (Fla. 3d DCA 1999)). All doubts and inferences must be resolved in favor of the non-moving party, and if the "slightest doubt" exists, then summary judgment is not available. Id. (quoting Hancock v. Dept. of Corr., 585 So.2d 1068, 1070 (Fla. 1st DCA 1991)).
In the instant case, we find that the trial court was correct in determining that the lack of notice of the underlying suit is undisputed. However, after viewing the record in the light most favorable to the non-moving party, we find that there are genuine issues of material fact that precluded the granting of Coregis' motion for summary judgment.
The parties agree that, in the instant case, Louisiana law governs the issue of an injured third party's rights under a policy when the insured fails to give notice of the claim. Generally, under Louisiana law, an insurer may not raise the failure of its insured to give notice of the accident or suit as a valid defense to the claim of an injured third party. Elrod v. P.J. St. Pierre Marine, Inc., 663 So.2d 859 (La. App. 5 Cir.1995). However, the parties cite to several cases which hold that a third party's right to recover may be defeated if the insurer can prove prejudice from the insured's failure to comply with the notice requirements of the policy. E.g., Haynes v. New Orleans Archdiocesan Cemeteries, 805 So.2d 320 (La.App. 4 Cir.2001); Lodrigue v. Cumis Ins. Soc'y, Inc., 560 So.2d 848 (La.App. 3 Cir.1990); Pomares v. Kan. City S. Ry. Co., 474 So.2d 976 (La.App. 5 Cir.1985); Hallman v. Marquette Cas. Co., 149 So.2d 131 (La. App. 2 Cir.1963).
Under the facts presented in this case, Coregis has not met its burden of proving that it has been prejudiced as a matter of law and therefore is entitled to summary judgment. Coregis alleged that Sheikh knew it insured Gamble and his firm and did absolutely nothing to communicate the claim or the lawsuit. However, contrary to Coregis' arguments, the record reflects that Sheikh's counsel received a letter from Gilsbar refusing to disclose Coregis as the insurer. Here, contrary to the trial court's order, there exists, at minimum, a disputed issue of fact regarding whether or not Sheikh had knowledge of any existing malpractice insurance. Notably, the record shows that Coregis had knowledge of a potential claim by Sheikh, and its agent did nothing to disclose the existence of coverage.
Coregis also alleged that it suffered prejudice as a matter of law because a demand for payment on a default judgment had been entered against its insured without receiving any notice of the lawsuit, thereby depriving it of an opportunity to defend the action. However, here, unlike in Elrod, whether Coregis would have defended the action against Gamble remains a question of material fact that precludes summary judgment. See Elrod, 663 So.2d at 864 (finding that prior to the commencement of the action the insurer was very active in the case in providing the injured plaintiff his maintenance and cure payments on behalf of his employer, the insured). Moreover, summary judgment is also not appropriate where, as here, there exists a factual dispute concerning whether Coregis contributed to the lack of notice through an allegedly defective cancellation of the policy. See Imperial Trading Co. v. *245 Md. Cas. Co., 153 So. 473 (La.App.1934) (finding that plaintiff's failure to give formal notice to insurer of burglary did not prevent coverage because a letter issued by the insurance broker put plaintiff under the impression that insurance was cancelled).
Accordingly, after careful consideration of the record, we find there are genuine issues of material fact that preclude summary judgment. Thus, we reverse the trial court's order granting Coregis' motion for summary judgment and remand for further proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] In the instant motion for summary judgment, Coregis did not contest that the cancellation was defective. For purposes of summary judgment, the trial court assumed that the policy was in effect at the time of the alleged malpractice.