979 So.2d 1116 (2008)
GREENWICH ASSOCIATION, INC., Appellant,
v.
GREENWICH APARTMENTS, INC. and Alliance TD Limited Partnership, Appellees.
No. 3D07-1771.
District Court of Appeal of Florida, Third District.
April 9, 2008.
Rehearing Denied May 15, 2008.
*1117 Hyman Spector & Mars and Michael L. Hyman and Marc A. Smiley, Miami, for appellant.
Brinkley, Morgan, Solomon, Tatum, Stanley, Lunny & Crosby and Thomas R. Tatum and Stacy M. Schwartz, Fort Lauderdale, for appellees.
Before COPE, WELLS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The plaintiff, Greenwich Association, Inc. ("plaintiff"), appeals a final order dismissing its claims against the defendants, Greenwich Apartments, Inc. and its successor in title, Alliance TD Limited Partnership (collectively, "the Alliance defendants"). We affirm.
In 1999, the plaintiff, a not-for-profit Florida corporation, sued Greenwich Apartments, Inc., a neighboring residential complex, over the disputed use of a two-story parking structure owned by the plaintiff. In April 2001, the parties entered into a settlement agreement that, in part, granted Greenwich Apartments, Inc. the exclusive right to use one story of the parking structure. The plaintiff's president signed the settlement agreement on behalf of the unit owners. However, this action was not submitted to the unit owners for a vote. In May 2001, the settlement agreement was incorporated "as if set forth at length" into a final order of the circuit court dismissing the case. No appeal was filed.
In April 2005, the plaintiff filed the instant lawsuit seeking reformation or cancellation of the settlement agreement ("Count I"). The complaint included a second count seeking injunctive relief for failure to maintain the premises ("Count II"). The Alliance defendants moved for partial summary judgment on Count I. The trial court granted the motion, finding that the settlement agreement was subsumed into a court order, and therefore, the plaintiff was limited to an appeal from that judgment or to the rights provided by Florida Rule of Civil Procedure 1.540(b), which on the present facts, required the plaintiff to seek relief before the original trial court within one year of the judgment. Thereafter, the plaintiff voluntarily dismissed Count II. The trial court issued its final judgment of dismissal, and this appeal followed.
Our review of the trial court's final summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000); Sheikh v. Coregis Ins. Co., 943 So.2d 242, 243 (Fla. 3d DCA 2006).
After the time for appeal has passed, challenges to a final judgment, decree, order, or proceeding are generally brought in accordance with Florida Rule of Civil Procedure 1.540, which provides in relevant part:

*1118 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.
Fla. R. Civ. P. 1.540(b).
The plaintiff first argues that the 2001 judgment must be stricken as void because the settlement agreement that it incorporated was the result of a void, ultra vires act of the plaintiff's president. We disagree, and hold that the 2001 judgment was voidable, not void. See Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n, 968 So.2d 658, 666 (Fla. 2d DCA 2007) (concluding that where a court has subject matter and personal jurisdiction, an error in that court's judgment renders it reversible or voidable, but not void); Dep't of Health & Rehab. Servs. v. Morley, 570 So.2d 402, 404 (Fla. 5th DCA 1990) (holding that the incorporation of a void and unenforceable agreement into a final judgment does not render the judgment void). Accordingly, we uphold the trial court's conclusion that the 2001 judgment was not void.
In the alternative, the plaintiff argues that it was impermissibly denied the opportunity to amend its complaint and allege that fraud was perpetrated upon the court in 2001. We are equally unpersuaded by this argument. While Florida Rule of Civil Procedure 1.540(b) expressly preserves a court's independent power to set aside a judgment for fraud upon the court, that power must be narrowly applied. See Alexander v. First Nat'l Bank of Titusville, 275 So.2d 272, 274 (Fla. 4th DCA 1973) (concluding that a broad application of fraud upon the court would frustrate the law's policy favoring the termination of litigation and finality of judgments). Fraud upon the court is an extrinsic fraud which occurs where a party is prevented from "trying an issue before the court and the prevention itself becomes a collateral issue to the cause." Parker v. Parker, 950 So.2d 388, 391 (Fla. 2007). "Thus, where fraud is extrinsic, it is deemed independent of the action and, therefore, must be attacked independent of the action." Id. at 392.
Conversely, intrinsic fraud is defined as "the presentation of misleading information on an issue before the court that was tried or could have been tried." Id. at 391 (citing DeClaire v. Yohanan, 453 So.2d 375, 377 (Fla.1984)). A challenge to a final judgment based upon intrinsic fraud *1119 must be brought by filing a timely motion in the original trial court. See Parker, 950 So.2d at 391 ("Under rule 1.540(b), relief from a judgment based on intrinsic fraud must be sought by motion within one year of its entry.").
In support of its request for leave to amend its complaint, the plaintiff argued that its president fraudulently kept secret his ultra vires act, thus ensuring that the unit owners would be unaware of the 2001 settlement agreement's detrimental consequences. Assuming that such an allegation rises to the level of fraud, we conclude that the fraud alleged was intrinsic in nature, and therefore, to seek relief from the 2001 judgment upon that basis, the plaintiff was required to file a rule 1.540(b) motion within one year of the rendering of the judgment. Therefore, because the 2001 judgment was not void, and the plaintiff did not allege an extrinsic fraud upon the court, the plaintiff's independent action cannot stand.
Affirmed.