# Third District Court of Appeal

## State of Florida

Opinion filed February 23, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1557
Lower Tribunal No. 19-25195
_____


**Bank of America, N.A.,**
Petitioner,

vs.

**Lazara A. Rodriguez,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Liebler, Gonzalez & Portuondo, and Adam J. Wick and Alan M. Pierce, for petitioner.

Jacobs Legal, PLLC, and Bruce Jacobs, for respondent.


Before MILLER, LOBREE and BOKOR, JJ.

PER CURIAM.

Bank of America, N.A. petitions for a writ of prohibition or certiorari seeking to quash the trial court's July 28, 2021 order to the extent it denied Bank of America's motions to dismiss based on subject-matter jurisdiction and litigation privilege.

In the underlying independent action giving rise to the instant petition, Rodriguez seeks to vacate a consent final judgment of foreclosure obtained in a previous foreclosure action. Instead of filing a motion in the foreclosure case within a year of judgment based on *intrinsic* fraud, as provided in Florida Rule of Civil Procedure 1.540, Rodriguez filed an independent action more than a year after final judgment alleging *extrinsic* fraud. After a review of the record, including the briefings of the parties,[1] we conclude that despite Rodriguez's characterization, the allegations constitute intrinsic fraud. Therefore, "the trial court's denial of the motion to dismiss on litigation privilege grounds constitutes irreparable harm as a matter of law." Bank of N.Y. Mellon v. Abadia, 314 So. 3d 595, 596 (Fla. 3d DCA 2020) (citations omitted).

---

[1] Counsel for respondent failed to comply with the September 20, 2021, noon deadline for filing its response, instead filing its response at 6:23 p.m. However, counsel filed a motion to accept the response as timely filed, claiming inadvertence and mistake, which petitioner opposed. Upon consideration, we grant the motion to accept the response as timely filed and deny petitioner's motion to strike.

In the previous foreclosure action, the burden of proof as to each required element of foreclosure fell on the bank. Rodriguez had the right to make the bank introduce evidence, present witnesses subject to cross-examination, and prove its case before a finder of fact. She didn't exercise that right. Instead, Rodriguez entered into a stipulated final judgment. After nine years of litigation, she and the bank voluntarily agreed that she hadn't paid her mortgage, that she owed money, and that she wouldn't contest foreclosure. In return, the bank promised not to sell the house within ninety days from the stipulated final judgment and not to seek a deficiency judgment resulting from the sale. Despite the stipulated judgment, Rodriguez files the underlying action seeking to undo the benefit of her bargain, the stipulated final judgment of foreclosure, claiming that the judgment was procured by fraud.

Because Rodriguez's allegations constitute intrinsic fraud, rather than extrinsic fraud, the one-year bar under Florida Rule of Civil Procedure 1.540 applies. Greenwich Ass'n, Inc. v. Greenwich Apts., Inc., 979 So. 2d 1116, 1118–19 (Fla. 3d DCA 2008) ("[I]ntrinsic fraud is defined as 'the presentation of misleading information on an issue before the court that was tried or could have been tried. A challenge to a final judgment based upon intrinsic fraud must be brought by filing a timely motion in the original trial court.'") (internal

3

citations omitted); see also Parker v. Parker, 950 So. 2d 388, 391 (Fla. 2007) ("Under rule 1.540(b), relief from a judgment based on intrinsic fraud must be sought by motion within one year of its entry.").

Despite filing an independent action, Rodriguez cannot redefine and change the underlying claim from intrinsic to extrinsic fraud. See id. at 391– 92 ("In other words, extrinsic fraud occurs where a defendant has somehow been prevented from participating in a cause. . . . This Court . . . has expressly held that false testimony given in a proceeding is intrinsic fraud."). The record demonstrates that Rodriguez participated, for years, represented by able counsel, in the underlying foreclosure action. No party compelled Rodriguez to agree to a consent final judgment. Rodriguez offered no allegations (or proof) that the bank engaged in extrinsic fraud, collateral to the issues in the foreclosure case, to secure the results in that case. No one prevented her from continuing to defend her case, or pursue counterclaims or affirmative defenses, which she did ably for years until entry of the consent judgment on March 2, 2018. Instead, the alleged fraud of which Rodriguez complains in the underlying independent action to vacate the foreclosure sale (without tying any of the alleged fraud to Rodriguez's case specifically) was intrinsic—that is, to the extent it existed it was "baked in" to the correspondence and statements from the bank and was there all along for

4

discovery and exploration in the original foreclosure case. It "pertain[ed] to the issues that have been tried *or could have been tried*." Id. at 391 (emphasis added).

The consent judgment on its face reveals that it was a bargained-for exchange. Both sides, Rodriguez, and the foreclosing bank, were represented by counsel. Both sides gave up certain rights in exchange for certainty and finality. Specifically, Rodriguez "consent[ed] to the entry of a final judgment of foreclosure" and, in exchange, Plaintiff (a) waive[ed], its right, if any, to a deficiency judgment . . . and (b) agree[d] the foreclosure sale date [would] not be set earlier than 90 days from entry of the final judgment of foreclosure." Rodriguez chose the certainty of the bank not seeking a deficiency judgment and the assuredness that no sale would occur for three months; she has bettered this three-month deferral by almost three-and-a-half years and counting. In exchange, Rodriguez represented that she "waive[d] all claims against the Plaintiff *and any defenses to this foreclosure action*." (Emphasis added). Rodriguez litigated her foreclosure case for years until deciding to negotiate and agree to a stipulated consent final judgment. Either side could have sought to continue the foreclosure. Either side could have pursued claims or defenses. She chose negotiation and the certainty of an agreed-to judgment. She doesn't

5

get a late do-over because of intrinsic fraud.  <u>See, e.g.</u>, <u>Alexander v. First Nat'l Bank of Titusville</u>, 275 So. 2d 272, 274 (Fla. 4th DCA 1973) (explaining the limited application of an independent action for fraud based upon the text of the relevant rule and public policy favoring finality, reaffirming the requirement that intrinsic fraud be brought within one year in the original action and not via an independent action).  Accordingly, we grant the petition for certiorari,[2] quash the order under review, and remand for proceedings consistent with this opinion.

Petition for certiorari granted, order quashed, and cause remanded.

---

[2] Because the certiorari relief granted herein disposes of the issues in this petition, we decline to address the request for prohibition.