ANTONIO LAFONTAINE, sustituído por su hija NILDA NOELIA LAFONTAINE, asistida de su esposo, CARLOS M. DEL LLANO, demandante, apelada y apelante, *v.* MUNICIPIO DE RÍO GRANDE y PORTO RICAN AND AMERICAN INSURANCE CO., demandados, apelantes y apelados.

Número 11253.

*Sometido:* 2 de marzo de 1955. *Resuelto:* 29 de junio de 1956.

*Carmelo Ávila Medina,* abogado del apelante y apelado, Municipio de Río Grande; *Córdova & González* y *Héctor Martínez Muñoz,* abogados de la apelante y apelada Porto Rican and American Insurance Co.; *Carlos J. Ortiz,* abogado de la apelada y apelante.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El Municipio de Río Grande apela ante nos de una decisión del Tribunal Superior de Puerto Rico, Sala de San Juan, que lo hizo responsable de los daños físicos y perjuicios ocasionados en un choque entre un camión de basura, propiedad de dicho Municipio y un automóvil privado, en el cual iba la demandante, y además del pronunciamiento del fallo que liberó a la aseguradora de su obligación de responder por el asegurado, por haberse notificado tardíamente el accidente ocurrido. Por su parte, la demandante apela de la insuficiencia de la compensación concedida.

Aunque en la apelación del Municipio se señala como error la falta de responsabilidad del Municipio por la forma cómo ocurrió el accidente, y la posibilidad de negligencia contributoria por parte de la persona que conducía el automóvil privado, estamos conformes que el conflicto de evidencia estuvo bien resuelto por la ilustrada Sala sentenciadora y que su conclusión, en el sentido, que el accidente ocurrió por la forma negligente en que conducía el camión de la limpieza el empleado del municipio, es correcta.

Los dos únicos errores que consideraremos en detalle, serán (1) el que se refiere al hecho que al ocurrir el accidente, el camión de la basura no se utilizaba en tareas propias del municipio y el empleado que lo conducía no estaba en funciones oficiales, y (2) el que se refiere a la liberación de la aseguradora por falta de diligencia en la notificación del accidente.

La versión que presenta la prueba del Municipio es que cuando ocurre el accidente, el chófer del camión se dirigía, por su cuenta, a un barrio del municipio a hacerle una mudanza a una amiga suya. Pero de la prueba se desprenden otras circunstancias que indudablemente han tenido que impresionar la conciencia del juzgador: (1) el sitio donde ocurre el accidente es un sitio cubierto por la limpieza pública y no una zona fuera del servicio de basura, (t. 97–98); (2) la limpieza en dicho sitio se hace jueves o viernes, una vez a la semana, (t. 97–98); (3) el accidente ocurre un sábado, (t. 101); (4) el informe del accidente lo preparó el señor Auditor del Municipio de acuerdo con la información que le suplió el propio chófer del camión, (t. 118) y (5) en dicho informe tanto el señor Alcalde como el chófer del camión declaran que ese día guiaba el camión asegurado "en trabajo de limpieza", (exhibit 2 del dte.). Siendo esto así, no es erróneo ni contrario a la prueba que la ilustrada Sala sentenciadora concluyera, que el accidente ocurrió en el curso ordinario del trabajo del patrono. En un conflicto similar entre el informe del accidente y la versión oral posterior de la prueba de la demandada, así lo resolvimos: *Quiñones* v. *Tropical Beverages*, 74 D.P.R. 364 (Pérez Pimentel), (1953), cita precisa a la pág. 369.

En la vista de este caso la Compañía Aseguradora se dedicó exclusivamente a establecer el hecho que el accidente no le fué notificado por el asegurado en tiempo oportuno. El accidente ocurrió el 5 de mayo de 1951 y la notificación se hizo el 8 de octubre de 1951, (t. 154). En ausencia de prueba que la tardanza en la notificación le causó a la compañía daños sustanciales—*Faulkner* v. *Nieves*, 76 D.P.R. 434, (Marrero), (1954), cita precisa a la pág. 440—por no haber colocado a la aseguradora en condiciones de practicar prontamente la investigación correspondiente y de preparar su defensa—*Landol* v. *Colón*, 78 D.P.R. 602, (Snyder), (1955), cita precisa a la pág. 605—es indudable que la ilustrada Sala sentenciadora erró al resolver que una notificación

tardía del accidente, por sí sola, era suficiente para liberar a la compañía aseguradora de responsabilidad.

La ilustrada Sala sentenciadora estimó que la cantidad de $1,500 resultaba suficiente para compensar la fractura en el espiral del antebrazo derecho que sufrió la demandante en este caso, con un acortamiento de su brazo derecho que posiblemente no se compense hasta transcurridos diez años, desde la fecha de su calcificación, por la pérdida de un año escolar y por los sufrimientos físicos y morales que sufrió la demandante. De este aspecto del fallo apeló la propia demandante. Es indudable que la compensación resulta completamente inadecuada y la misma debe ser aumentada hasta $4,200.

*Debe confirmarse la sentencia apelada en cuanto declara al Municipio de Río Grande responsable de los daños causados a la demandante en dicho accidente, y revocarse en cuanto declara que la aseguradora Porto Rican American Insurance Co. no debe responder de dichos daños por haber sido tardíamente notificada del accidente y modificada en cuanto a la cuantía de la compensación que ahora se fija en $4,200.*