JULIO MOLINA GONZÁLEZ, demandante recurrente, *v.* JACINTO RUIZ CANDELARIO y OTROS, demandados recurridos.

*Número:* R-82-171    *Resuelto:* 30 de junio de 1982

*Manuel García Tamayo* y *Juan Ponce Fantauzzi*, abogados del recurrente; *Celestino Matta Méndez* y *Luis A. Pereira Buonomo*, abogados de los recurridos.

SENTENCIA

Como resultado de un accidente ocurrido el 23 de septiembre de 1978, en 17 de mayo de 1979 el demandante Molina González demandó al dueño del otro vehículo Jacinto Ruiz Candelario y su aseguradora "Paul Doe". Luego de varios trámites, no es hasta el 15 de septiembre de 1981 —casi tres años desde la ocurrencia del accidente— que enmendó su demanda para incluir como demandada a la aseguradora Alliance Assurance Co. Así por primera vez

dicha aseguradora advino en conocimiento del accidente. La aseguradora solicitó y obtuvo sentencia sumaria a su favor alegando que la póliza se había tornado inoperante por incumplimiento de la cláusula que exige temprana notificación de un accidente, la cual, por los propios términos de la póliza, condicionaba su exigibilidad a la observancia de todos sus términos.

A solicitud del demandante concedimos término a la Alliance Assurance Co. para que mostrara causa por la cual no deberíamos revocar esa sentencia y remitir el asunto a audiencia plenaria. Resolvemos.

Reiteradamente hemos resuelto que las condiciones de una póliza de seguro que exigen cooperación con el asegurador son válidas y su incumplimiento por el asegurado de ordinario derrota que pueda obtenerse indemnización. *Cuebas Fernández* v. *P.R. American Ins. Co.*, 85 D.P.R. 626 (1962); *Faulkner* v. *Nieves*, 76 D.P.R. 434 (1954); *Lafontaine* v. *Municipio*, 79 D.P.R. 583 (1956); *Landol* v. *Colón*, 78 D.P.R. 602 (1955). Ahora bien, el principio no es absoluto. Estos casos también han resuelto *que la notificación tardía* de por sí no es suficiente. Incumbe a la aseguradora demostrar que el incumplimiento le causó "daños sustanciales". En el caso de autos ello no se hizo. El tribunal de instancia presumió esa consecuencia adversa por el simple transcurso del tiempo, aunque reconoció la existencia de un expediente de investigación del accidente obrante en los autos y el informe de la Policía. Debió también tomar conocimiento judicial y estimar disponible el caudal informativo dimanante del trámite administrativo y médico de la Administración de Compensaciones por Accidentes de Automóviles (A.C.A.A.).

En estas circunstancias es errónea su determinación. La doctrina requiere claramente de la aseguradora que establezca afirmativamente que la notificación tardía le causó "daños sustanciales". La tardanza de por sí no es prueba

suficiente. Corresponde plenariamente dilucidar la cuestión.

En virtud de lo expuesto se expide el auto y se dicta sentencia que revoca la del Tribunal Superior, Sala de Arecibo, y se remite el caso para trámites ulteriores compatibles con lo resuelto.

Así lo pronunció y manda el Tribunal y certifica la señora Secretaria. El Juez Asociado Señor Díaz Cruz emitió voto disidente. El Juez Asociado Señor Rebollo López no intervino.

*(Fdo.)* Lady Alfonso de Cumpiano

*Secretaria*

—O—

Voto disidente del Juez Asociado Señor Díaz Cruz.

La tardanza de tres años en descubrir la identidad de la aseguradora sólo se explica por la incuria del demandante. Si las Reglas limitan a 60 días el período de descubrimiento de pruebas; a 6 meses el término para diligenciar el emplazamiento y para mantener el pleito activo; y el Código Civil a su vez fija en un año la prescripción de las acciones por daños y perjuicios, no se justifica esperar 3 años para que una parte simplemente produzca el nombre de la aseguradora que se propone incluir como demandada. Hay suficiente perjuicio en el impacto de tan largo período de espera en el ordenado curso de los negocios de la compañía. Debe también considerarse el efecto de esta prolongada demora en una tercera parte demandada —recurso común en los pleitos de daños— que a estas alturas sea traída al pleito por la aseguradora. La tardanza que tolera nuestra jurisprudencia no es ésta con dimensión de incuria y desidia de un demandante que duerme en sus derechos.

Confirmaría la sentencia recurrida.